# EXHIBIT 1

# SUMMONS

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

TRAVIS E. ELLISON, III and
AMY D. ELLISON, his wife,

    Plaintiffs,

}Summons
}SERVE: **Secretary of State**

v.

TOYS R US, INC., a West
Virginia Corporation, and
SUMMER INFANT, foreign
Corp.,

    Defendants.

Toys R Us, Inc.
Prentice-Hall Corp.
1600 Laidley Tower
Charleston, West Virginia
25301

**To the above-named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Kevin P. Davis, Attorney at Law, plaintiffs' attorney, whose address is 5210A MacCorkle Ave. S.E., Charleston, West Virginia 25304, an Answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: 6/24/15

**Cathy S. Gatson, Clerk**

CLERK OF COURT

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

TRAVIS E. ELLISON, III and
AMY D. ELLISON, his wife,

        Plaintiffs,

v.

        CIVIL ACTION NO.: 15-C-1264
        JUDGE:

TOYS R US, INC., a West
Virginia Corporation, and
SUMMER INFANT, a foreign corporation,

        Defendants.

FILED 2015 JUN 24 PM 3:10
CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

## COMPLAINT

1. The Plaintiffs, Travis E. Ellison, III and Amy D. Ellison, are husband and wife and are citizens and residents of Charleston, Kanawha County, West Virginia.

2. At all times mentioned herein the Defendant, Summer Infant, was and is a foreign corporation engaged in the manufacture, developing, testing, inspecting, advertising, merchandising and distribution of Summer Infant baby monitors, which were and are distributed and sold in the State of West Virginia and elsewhere to various wholesalers and retailers, including the Defendant, Toys R Us, Inc., for sale to the general public as ultimate consumers.

3. At all times mentioned herein, the Defendant, Toys R Us, Inc., was and is a corporation engaged in the purchase and sales of Summer Infant baby monitors and the marketing and advertising thereof, with its principal place of business in Charleston, Kanawha County, West Virginia.

4. Defendants, and each of them, expected and anticipated that the Summer Infant baby monitors would reach purchasers and users in the condition in which it was manufactured.

5. In May of 2012, the Plaintiffs received the Summer Infant baby monitor as a present from Plaintiff, Travis E. Ellison's mother, at said Plaintiff's baby shower.

6. The Summer Infant baby monitor was purchased new in the box from Toys R' Us located at Southridge Center, 2846 Mountaineer Blvd, Charleston, WV 25309, by said Plaintiff's mother, Patricia C. Ellison.

7. On or about July 6th, 2013, the Summer Infant baby monitor malfunctioned and caused a large fire in the Plaintiff's home located in Charleston, Kanawha County, West Virginia.

8. The Plaintiff, Amy D. Ellison, was at home at the time this fire occurred with the Plaintiffs' 13-month-old child, Travis Cooper Ellison.

9. Plaintiff, Amy D. Ellison, then ran from the burning home and called the Charleston Fire Department who came and extinguished the fire located, but not isolated to, the Plaintiff's bedroom.

10. The Charleston Fire Department concluded in their investigation that said fire was caused by the Summer Infant baby monitor.

## COUNT I

## MANUFACTURER'S STRICT LIABILITY

11. The Plaintiffs incorporate all the preceding paragraphs and the allegations contained therein by reference.

12. Defendant, Summer Infant Company, manufactured the baby monitor that caused the damages sustained by the Plaintiffs.

13. The product was in a defective condition and that defective condition was a proximate cause of the injuries sustained by the Plaintiffs. The Summer Infant baby monitor was in a defective condition, unreasonably dangerous to a user or consumer at the time of

2

manufacture and shipment from the place of manufacture, in that it was manufactured in such a way that it was not safe due to a defective battery.

14. Such condition was not observable by the Plaintiffs, who, lacking the technical knowledge and skill required to disassemble and examine the Summer Infant baby monitor, relied upon the duty of Defendant, Summer Infant to manufacture and distribute, on the open market for ultimate use by consumers, only goods which are in a condition fit for the purpose intended. The breach of such duty by Defendant, Summer Infant, and the defective condition of the baby monitor was a proximate cause of the damages sustained by the Plaintiffs.

## COUNT II

### MANUFACTURER'S EXPRESS AND IMPLIED WARRANTIES

15. The Plaintiffs incorporate all the preceding paragraphs and the allegations contained therein by reference.

16. At all times mentioned herein, prior to the incident, Plaintiffs, lacking the technical knowledge and skill required to disassemble and examine the Summer Infant baby monitor, relied upon the duty of Defendants, and each of them, to deliver the Summer Infant baby monitor at the time of sale in a condition fit for use for the purpose intended. The breach of this duty by Defendants was a proximate cause of the damages sustained by Plaintiffs.

17. Prior to Plaintiffs' purchase of the Summer Infant baby monitor as alleged above, Defendant, Summer Infant, induced purchase of the baby monitor by expressly warranting to them, by advertisements directed to the attention of the public and particularly to ultimate consumers and users, that such consumers and users, including the Plaintiffs, could safely use such baby monitor that such use would entail or require no attention or special precautions. Defendant, Summer Infant, expressly warranted in its advertising that the baby monitor was safe.

3

18. In purchasing the Summer Infant baby monitor that caused the damages to the Plaintiffs as alleged above, Plaintiffs relied on the skill and judgment of the Defendants, Summer Infant and on Defendants' express warranty by advertisements which were directed to the attention of the public and particularly to the ultimate consumers and users, including Plaintiffs, which stated that the baby monitor could safely be used and expressly warranted that the baby monitor was safe and free from defects.

19. At all times mentioned herein or at times prior thereto Defendant, Summer Infant, designed and manufactured the baby monitor for use by ultimate consumers and at the time of manufacture, Defendant, Summer Infant caused the said baby monitor to leave the place of manufacture with the defect, and therefore, Defendant, Summer Infant, is strictly liable for all damages resulting as a result thereof.

## COUNT III

### NEGLIGENCE

20. The Plaintiffs incorporate all the preceding paragraphs and the allegations contained therein by reference.

21. As a direct and proximate result of the Defendants, and each of them, negligently failing to notify the Plaintiffs of a recall, to examine the baby monitor for problems, and for failing to repair any known or should have been known defects, the Plaintiffs suffered damages.

## COUNT IV

### PUNITIVE DAMAGES

22. The Plaintiffs incorporate all the preceding paragraphs and the allegations contained therein by reference.

23. Plaintiffs' state that a punitive damages claim is sufficient in this matter to

establish that the Defendants had a subjective appreciation of the risk of harm to which the Plaintiffs were exposed and that the Defendants acted, or failed to act, as the case may be, in conscious disregard of that risk by placing a product with a known fire hazard on the market.

24. As a further result of the damages, as hereinbefore described in the previous two counts, the Plaintiffs have suffered damages and seek the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reimbursement of funds paid or lost;

    d. Compensation for severe emotional damages;

WHEREFORE, your Plaintiffs demand judgment against the Defendants, Summer Infant and Toys R Us, Inc., in an amount adequate to compensate them for their injuries sustained herein, including punitive damages, for cost of suit herein, and for such other and further relief as this Court may deem fit and proper.

**Plaintiffs demand a trial by jury.**

                                                                   Travis E. Ellison, III and
                                                                   **Amy D. Ellison, his wife**
                                                                   **By Counsel**

Prepared by:

_[signature]_

Kevin P. Davis, Esq. (WV Bar #8687)
5210A MacCorkle Ave. S.E.
Charleston, West Virginia 25304
(681) 265-0434

CERTIFIED MAIL



02 1R  $ 06.05°
0002009608    JUL 28 2015
MAILED FROM ZIP CODE 25311

BUSINESS & LICENSING